# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

CASE NO.: 1:25-cv-24480-DPG

GIAMPAOLO BRAMANTE,

    **Plaintiff,**

v.

PROFESSIONAL PARKING MANAGEMENT CORPORATION,

    **Defendant.**

## DEFENDANT'S MOTION TO CONSOLIDATE ACTIONS AND FOR EXTENSION OF TIME TO RESPOND

Pursuant to Federal Rule of Civil Procedure 42(a), Defendant Professional Parking Management Corporation ("PPM"), hereby respectfully moves to consolidate this case and fifteen cases pending in the United States District Court for the Southern District of Florida listed below, in the earliest filed case, *Berg v. Professional Parking Management Corp.*, Case No. 25-cv-24423, which involve common questions of law and fact, entirely for all purposes, for an extension of time to respond to the Plaintiffs' claims, and for other and further relief as the Court deems just and proper. In support, PPM submits its incorporated Memorandum of Law and states as follow:

### PROCEDURAL HISTORY

1. Between August 27, 2025 and September 11, 2025, Counsel for the Plaintiff filed 16 virtually identical cases against PPM, in the County Courts in and for Miami-Dade (11 cases), Broward (4 cases), and Palm Beach County (2 cases) (the "Parking Cases"). *See* Declaration of Colleen Smeryage, Esq. ("Decl.") at Exs. 1-16 [Notices of Removal], for which a true and correct copy is attached hereto as Exhibit A.

2. As each of the Plaintiffs in their Statement of Claim alleges causes of action solely under the laws of the United States, PPM promptly and properly removed each of those cases to this District Court. *Id.*

3. The cases for which consolidation is sought in the present motion are:

- Southern District Miami Division -

(1) *Berg v. Professional Parking Management Corp.*, Case No. 25-cv-24423;

(2) *Busto v. Professional Parking Management Corp.*, Case No. 25-cv-24425;

(3) *Ravens v. Professional Parking Management Corp.*, Case No. 25-cv-24427;

(4) *Restrepo v. Professional Parking Management Corp.*, Case No. 25-cv-24428;

(5) *Chin v. Professional Parking Management Corp.*, Case No. 1:25-cv-24479;

(6) *Bramante v. Professional Parking Management Corp.*, Case No. 1:25-cv-24480;

(7) *Jimenez v. Professional Parking Management Corp.*, Case No. 1:25-cv-24481;

(8) *Angulo v. Professional Parking Management Corp.*, Case No. 1:25-cv-24509;

(9) *Altshuler v. Professional Parking Management Corp.*, Case No. 1:25-cv-24507;

(10) *Garcia v. Professional Parking Management Corp.*, Case No. 1:25-cv-24511;

(11) *Mejia v. Professional Parking Management Corp.*, Case No. 1:25-cv-24521;

- Southern District Ft. Lauderdale Division -

(12) *Koscs v. Professional Parking Management Corp.*, Case No. 0:25-cv-61974;

(13) *Slater v. Professional Parking Management Corp.*, Case No. 0:25-cv-61977;

(14) *Mandalaywala v. Professional Parking Management Corp.*, Case No. 0:25-cv-61982;

- Southern District West Palm Beach Division -

(15) *Candido v. Professional Parking Management Corp.*, Case No. 9:25-cv-81225; and

    (16)    *Romero v. Professional Parking Management Corp.*, Case No. 9:25-cv-81228.

    4.    Other than the present Motion, no motions have been filed in any of the Plaintiffs' cases nor has any discovery been propounded by the parties. Ex. A at ¶ 20.

    5.    PPM has not yet filed a response to the Plaintiffs' claims and, as stated herein, seeks an extension of time to respond thereto for the purpose of filing a unified response.

## MEMORANDUM OF LAW

Under Federal Rule of Civil Procedure 42(a), a district court, in its discretion, may consolidate multiple actions that "involve a common question of law or fact." *See Eghnayem v. Bos. Sci. Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017). "This rule is a codification of a trial court's inherent managerial power "'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (quoting *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1012 (5th Cir.1977). The Eleventh Circuit has "urged" the district courts to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." *Eghnayem*, 873 F.3d at 1313 (quoting *Young v. City of Augusta*, 59 F.3d 1160, 1169 (11th Cir. 1995).

In deciding whether consolidation is appropriate, the court considers whether the risks of prejudice and possible confusion of a common trial are outweighed by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of conducting a single trial or multiple trials. *Id*. "A joint trial is appropriate where there is clearly substantial overlap in the

issues, facts, evidence, and witnesses required for claims against multiple defendants." *Id.* at 1314 (quoting *Allstate Ins. Co. v. Vizcay*, 826 F.3d 1326, 1333 (11th Cir. 2016)).

### I. The Questions of Law Are Identical for All of the Plaintiffs' Claims and Arise from a Common Set of Factual Circumstances

All of the Plaintiffs' DPPA and FDCPA claims arise under a common set of circumstances and present the same theory of alleged injury. *See* Ex. A. at Exs. 1-16, Statements of Claim. In this regard, all Plaintiffs allege that PPM, in seeking to collect a bill for the individual Plaintiff's failure to make payment for the use of a commercial parking lot, obtained records of their motor vehicle registration from the Florida Department of Transportation ("FDOT") in violation of the Drivers Privacy Protection Act of 1994 ("DPPA"), 18 U.S.C §§ 2721-2725, and issued the related notice of request for payment in violation of certain requirements of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p. *Id.*

The Statements of Claim in each of the Parking Cases are identical verbatim repetitions, with the only differences being the name of the Plaintiff, the license plate information for their vehicle, the parking lot which they used without making payment, the dates related to the Plaintiff's failure to pay for use of a parking lot and the subsequently issued bill from PPM. *Id.* These differences in the allegations between the Plaintiffs' Statements of Claim do not change the nature or substance of the Plaintiffs' claims in any way material to their resolution. *Id*.

For their Statements of Claim, each of the Plaintiffs in the Parking Cases allege two causes of action that both arise under the laws of the United States: (1) a claim that PPM has violated the DPPA and (2) a claim that PPM has violated the FDCPA. *See, e.g.*, Ex. A. at Ex. 1, Statement of Claim. Specifically, for the Plaintiffs' DPPA claims, Plaintiffs allege that because PPM could not be certain that the Plaintiff was the person driving their vehicle when it was parked without payment in the commercial lot at issue, PPM violated the DPPA by accessing the Plaintiff/owner's

4

personal information from the FDOT. *See, e.g.*, Ex. A. at Ex. 1, Statement of Claim at ¶¶ 61-63. For their FDCPA claims, the Plaintiffs allege that PPM is a debt collector and that because it is allegedly a debt collector it was required to provide the individual Plaintiffs with certain information under 15 U.S.C. § 1692g(a)(3)-(5) of the FDCPA, but PPM did not do so. *See id.* at ¶¶ 66-74. As to these two counts, Plaintiffs' allegations are identical verbatim repetitions with no variation in the counts of each Statement of Claim. *See* Ex. A. at Exs. 1-16, Statements of Claim at ¶¶ 46-75.

Because there are no material legal or factual differences between the Plaintiffs' claims, there is no risk of prejudice or confusion that would arise from a common trial of the cases. Indeed, to the contrary, because the legal issues are identical there is much greater risk related to inconsistent verdicts being rendered in 16 separate trials on the same issues and theories of recovery. As such, the common issues and set of factual circumstances in the Plaintiffs' cases favors their consolidation. *See Eghnayem*, 873 F.3d at 1313.

## II. The Burden on Judicial Resources and the Parties Will Be Substantially Reduced by Consolidation

The Plaintiffs' cases are presently all in the same posture with the Statements of Claim having been recently filed, with no motions pending, and no discovery having been propounded by the Parties. *See* Ex. A at ¶ 20. Given the very early stage of the proceedings and identical questions of law and fact, there will be no prejudice to the Plaintiffs in the form of delay or confusion as a result of consolidation. Rather, consolidation will reduce the burden on judicial resources, witnesses, and the Parties by unifying discovery and trial into one matter, eliminating the possibility of duplicative motion practice, ensuring a consistent verdict, and eliminating the possibility of piecemeal appeals. *See Allstate*, 826 F.3d at 1333 (11th Cir. 2016) ("A district court properly exercises its discretion not to bifurcate a trial when a joint trial will "save[ ] the [parties]

from wasteful relitigation, avoid[ ] duplication of judicial effort, and ... not materially prejudice [the parties'] rights.") (quoting *Hendrix*, 776 F.2d at 1497). In this same way, the time and expense to adjudicate the Plaintiffs' cases will be reduced by consolidation. *See id*. Accordingly, in light of the substantial benefits to the interests of efficiency and judicial economy, the Plaintiffs' cases should be consolidated into one action. *See Eghnayem*, 873 F.3d at 1314.

### III. PPM Seeks Leave for Additional Time to File a Unified Response to All of Plaintiffs' Statements of Claim

In light of the relief requested herein and the merits of consolidation of the Plaintiffs' cases, under Federal Rule of Civil Procedure 6(b), PPM requests an extension of time of fourteen days, from the date of the Court's decision on PPM's motion for consolidation, to allow for the instant motion to be decided and for the purpose of PPM filing a unified response to all of Plaintiffs' claims in a single consolidated action. In this regard, PPM intends to file a motion to dismiss Plaintiffs' claims in their entirety for failure to state a claim for which relief can be granted. This motion will be substantively identical in each of Plaintiffs' cases and require the Court to resolve the same legal issues in each instance. If PPM's motion to dismiss is filed and resolved in 16 separate cases, there will be a great risk of inconsistent outcomes and a substantial waste of this Court's time and resources. As such, in the interests of judicial economy and for the same reasons stated above supporting consolidation, PPM respectfully requests the Court grant this brief extension of time. *See Doe v. Sch. Bd. of Miami-Dade Cnty.*, No. 18-25430-CIV, 2020 WL 1465739, at *2 (S.D. Fla. Mar. 25, 2020) ("Such duplication in separate trials will waste judicial resources and the time of parties, witnesses and attorneys.").

**WHEREFORE**, Defendant Professional Parking Management Corporation requests that the Plaintiffs' cases, all pending before the United States District Court for the Southern District of Florida, be consolidated for all purposes with the earliest filed case, *Berg v. Professional Parking*

*Management Corp.*, Case No. 25-cv-24423, and for an extension of time of fourteen days in which to respond to Plaintiffs' claims.

## LOCAL RULE 7.1(a) CERTIFICATE OF CONFERRAL

On September 30, 2025, undersigned counsel conferred with counsel for the Plaintiff, who is counsel for the Plaintiffs in all cases that are the subject of this motion, in regards to the consolidation and extension of time requested herein. Counsel for the Plaintiffs has represented that Plaintiffs intend to oppose this Motion.

Dated: October 2, 2025

        Respectfully Submitted,

        */s/ Colleen Smeryage*
        Colleen Smeryage, Esq.
        Florida Bar No. 100023
        **FREEDMAN NORMAND FRIEDLAND LLP**
        One SE 3rd Avenue, Suite 1240
        Miami, FL 33131
        Tel: (305) 924-2900
        Fax: (646) 392-8842
        Email: csmeryage@fnf.law

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the Clerk of Court via the CM/ECF system, which will send Notice of such filing to all counsel of record.

        */s/ Colleen Smeryage*
        Colleen Smeryage, Esq.